NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3273
_____

CAYLA KUBIAK

v.

CANON MCMILLAN SCHOOL DISTRICT;
DR. NICK BAYAT, in his individual and official capacity
as Superintendent of the Canon McMillan School District;
STEVE MOSKAL, in his individual and official capacity
as varsity softball coach of Canon McMillan School District;
MICHELE MOELLER, in her individual and official capacity
as softball coach of Canon McMillan High School Varsity Team;
LINDA NICHOLS, in her capacity of Principal of Canon McMillan High School

Canon McMillan School District; Dr. Nick Bayat, In his
individual and official capacity as Superintendent of the Canon
McMillan School District; Michele Moeller, in her individual
and official capacity as softball coach of Canon McMillan High
School Varsity Team; Linda Nichols, in her capacity of Principal
of Canon McMillan High School,

Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-14-cv-00322)
Honorable Arthur J. Schwab, District Judge
_____

Argued March 15, 2017

BEFORE:  GREENAWAY, JR., SHWARTZ, and GREENBERG, Circuit Judges

(Filed: June 6, 2017)

Susan T. Roberts (Argued)
Peacock Keller & Ecker
70 East Beau Street
Washington, PA 15301
    Attorneys for Appellants

James R. Jeffries (Argued)
30 South Main Street
Suite 102
Washington, PA 15301
    Attorney for Appellee

_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I. INTRODUCTION

Defendants-appellants Canon McMillan School District, Dr. Nick Bayat, Michele Moeller, and Linda Nichols appeal from a District Court order enforcing an arbitration agreement entered into by defendants and plaintiff Cayla Kubiak. The dispute centers on a purported "high-low" provision that Kubiak claims but defendants deny was included in the arbitration agreement. Inasmuch as the parties tentatively agreed at a case management conference in the District Court to submit the dispute between them to arbitration, the Court prepared, though it did not file, an order dated May 7, 2014, for that

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

purpose. Subsequently the parties exchanged correspondence indicating that they would agree on the parameters of a high-low provision for the arbitration at a mediation session to be held on June 12, 2014, prior to the arbitration. Yet there is no suggestion in the record that the parties ever executed an agreement setting forth the parameters of a high-low agreement. The mediation was conducted but was not successful as the parties did not settle the case at that session.

The case proceeded to arbitration after the mediation failed. The parties moved for summary judgment in the arbitration proceedings and the arbitrator found in defendants' favor on liability in a written opinion dated June 5, 2016. The arbitrator therefore did not make a monetary or other award to Kubiak. Kubiak then filed a motion in the District Court to enforce the arbitration agreement which she contended included a high-low provision. She argued that she was entitled to $50,000, the "low" amount in the high-low agreement to which she claims that the parties had agreed at the mediation proceedings. The District Court granted her motion by order dated July 5, 2016, as it held that the parties had agreed on a $1 million/$50,000 high-low provision and that Kubiak therefore was entitled to the $50,000. Defendants appeal as they claim that the parties never entered into an enforceable high-low agreement and the Court erred in requiring them to pay $50,000 to Kubiak in the face of the arbitrator's determination that they were not liable to her.

For the reasons that follow, we will reverse the District Court's July 5, 2016 order and will remand the case to that Court to conduct an evidentiary hearing following which

3

the Court should determine whether the parties entered into an enforceable high-low agreement with specific parameters at the mediation session and, if they did, whether Kubiak is entitled to recover the low amount even though the arbitrator found in defendants' favor on the liability issue.


## II. FACTUAL AND PROCEDURAL BACKGROUND

Kubiak initiated this action in a state court but defendants removed the case to the District Court. In her complaint, Kubiak alleged that she was entitled to damages because she was the victim of an act of sexual contact while a student at the Canon McMillan Middle School.[1] At the District Court case management conference on April 28, 2014, the parties discussed the possibility of referring the case to binding arbitration for resolution. Consequently, the Court prepared the draft preliminary order to which we have made reference sending the case to arbitration.

In their negotiations prior to the mediation session the parties discussed the possibility of entering into a "high-low" agreement confining the scope of any arbitration award to an amount between the outside limits on which the parties would agree. See

---

[1] We have no need to describe the details of Kubiak's claim. We note that originally there was an additional defendant but he was dismissed from the case before the case was removed to the District Court. Though the name of the school district suggests that it may be an ecclesiastical institution, in her complaint Kubiak pleaded that Canon McMillan School District is "a political subdivision" in Pennsylvania and the Canon McMillan Middle School is "a public educational institution."

app'x at 22-26.[2] On May 14, 2014, defendant's attorney sent an email to Kubiak's attorney informing him that the $1 million high damages amount identified as Kubiak's demand in her initial disclosures was a "non-starter for the District." Id. at 22. The email then recited that the "School District cannot agree to binding arbitration unless the damages phase of the arbitration is done as a high/low award and the high/low range can be agreed upon at the mediation." Id.

Defendants' counsel next proposed updating the language of the previously drafted May 7, 2014 preliminary order referring the case to arbitration by adding a provision reciting that there would be a high-low agreement but without including its parameters. Id. at 23. The parties through counsel stipulated to the order which they submitted to the District Court. The Court subsequently submitted the case to binding arbitration by an order dated May 16, 2014, which supplemented its May 7, 2014 order with the following provision:

> The parties agree that the case will be submitted to the arbitrator as a high-low arbitration and the details of the high-low maximum and minimum amounts will be discussed and agreed upon at the June 12, 2014 mediation .
> . . . The parties further agree that the [d]efendants retain the right to contest liability at the arbitration.

Id. at 29-30. In what has proven to be a crucial aspect of this case, the May 16, 2014 order did not specify the high-low parameters.

The parties engaged in the mediation on June 12, 2014, but they did not agree on a

---

[2] Kubiak objects to the inclusion of the parties' communications such as their emails as part of the appellate record. See appellee's br. at 13. But, as defendants note, the parties' communications were exhibits appended to the motion papers in the District Court and therefore are part of the record on appeal. See Fed. R. App. P. 10(a)(1).

settlement of the case or provide for the preparation of a document setting forth high-low parameters. Nevertheless, Kubiak claims that they reached an agreement on the high-low parameters at the mediation. Defendants have a different view of what happened at the mediation. They claim that during the mediation, Kubiak's counsel proposed several settlement amounts, but never proposed a settlement figure of $1 million. On the other hand they assert that they offered to settle the case for $50,000, but that Kubiak rejected the offer. Appellants' br. at 11. Defendants also assert that the parties did not agree on the parameters of a high-low agreement so that the parties decided to submit the case to the arbitrator without high-low parameters. Id. at 11-12. Defendants further claim that the parties agreed that the arbitrator would have to find defendants liable before the arbitrator could award any damages against them to Kubiak. Id. at 12. Kubiak rejects this assertion and, as we have indicated, contends that the parties agreed to a high-low agreement with specified parameters so that even if there was a finding on liability against her, she would be entitled to $50,000. Defendants maintain that "[b]ecause the case was administratively closed, it did not occur to anyone, including . . . the mediator and counsel for the parties, that they would need to return to [the District Court] to request permission to proceed without a high-low." Id.

Following the unsuccessful mediation, the parties communicated with the arbitrator prior to the arbitration date because the arbitration had not been canceled. In particular, defense counsel sent a letter to the arbitrator on June 20, 2014, with a copy to Kubiak's counsel, indicating that the mediation had failed and that the parties were proceeding toward arbitration. See app'x at 33-34. Defense counsel included the

6

following provision in the June 20, 2014 letter:

> We have now agreed that the case will not be submitted as a high-low since the parties were significantly far apart in their settlement positions at the close of the mediation. Instead, the case is to be submitted to you without a high-low parameter, and [d]efendants have retained the right to contest liability. In addition, both parties have agreed that each may file a Motion for Summary Judgment if deemed necessary.

Id. at 33. Defendants claim that Kubiak's counsel did not reject defendants' version of the parties' positions with respect to the high-low agreement after defendants' counsel sent the June 20, 2014 letter to the arbitrator. Moreover, defendants contend that the parties did not discuss reaching a high-low agreement after their counsel sent the June 20, 2014 letter. Appellants' br. at 14. Defendants apparently want us to draw an inference from this contention that the parties had abandoned the possibility of reaching a high-low agreement.

The arbitration then was conducted. In the proceedings the parties moved for summary judgment and on June 5, 2016, the arbitrator found in favor of defendants because he concluded that they were not liable on any of Kubiak's claims. App'x at 41-51. On June 14, 2016, after Kubiak requested that the arbitrator clarify his decision, he explained that he had granted summary judgment to defendants on all of Kubiak's claims, including those against defendants sued in their individual capacities. Id. at 59-60. The arbitrator's decision did not mention any high-low parameters or indicate that Kubiak was entitled to a damages award despite the negative liability finding that he had made. Id. at 41-51, 59-60.

Though the result of the arbitration was against her, Kubiak filed a motion with

7

the District Court seeking an order enforcing the Court's May 16, 2014 order, in particular relying on the language in the order referring to a high-low agreement. In her motion, Kubiak claimed that she was entitled to $50,000 because that was the "low" amount on which the parties had agreed at the mediation prior to the arbitration. Id. at 52-58. On July 5, 2016, the Court granted the motion without holding an evidentiary hearing as it held that the arbitration agreement was enforceable as a high-low agreement notwithstanding the arbitrator's negative liability determination. The Court also held that the high-low parameters were $1 million and $50,000 and thus defendants were liable to Kubiak for $50,000. Id. at 5-8.

In its opinion, the District Court stated that defendants never moved to "modify or alter the terms of the [May 16, 2014] Order of the Court setting forth the terms of the arbitration with a high-low agreement." Id. at 6. In these circumstances, the Court concluded that defendants had "waived the right to . . . argue" that the terms of the agreement into which the Court believed that they had entered had changed. Id. The Court then concluded that its May 16, 2014 order was enforceable as a high-low agreement. Id. at 7.

In addressing the high-low agreement's terms, the District Court explained that Kubiak's position was that the high-low parameters were $50,000 on the low end and $1 million on the high end. Id. at 7-8. But Kubiak does not point to any place in the record at which defendants whether orally or in writing explicitly agreed to $1 million/$50,000 high-low arbitration parameters. Moreover, the Court, well aware of the June 20, 2014 letter that defendants had sent to the arbitrator before the arbitration, acknowledged that

8

defendants' position was that the parties had not agreed to submit the case to the arbitrator on a high-low basis because the parties were too far apart in their numbers. Id. at 7.

But the District Court concluded that defendants' counsel's June 20, 2014 letter to the arbitrator was not conclusive, even though defendants had sent a copy of that letter to Kubiak's counsel, because Kubiak's counsel had not signed the copy. Therefore, the Court believed that the letter did not show that the parties had modified what the Court was satisfied was their earlier agreement on the terms of a high-low arbitration. Id. The Court found that "if Defendants sought a different arrangement, Defendants were required to Petition the Court to modify" the May 16, 2014 order. Id. Thus, the Court relied on Kubiak's specification of the high-low amounts to find that defendants were liable to her for $50,000 because it found that $50,000 was the agreed-upon "low" amount. Id. at 7-8.


III.  STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1446. In this regard, we point out that Kubiak asserted a claim under 42 U.S.C. § 1983, thus advancing a federal issue. We have jurisdiction under 28 U.S.C. § 1291 because the Court's July 5, 2016 decision constituted a final order.

We are exercising plenary review over the District Court's decision regarding the enforcement of the parties' purported high-low arbitration agreement. See Edwards v. HOVENSA, LLC, 497 F.3d 355, 357 (3d Cir. 2007). But we review the Court's

9

underlying factual findings for clear error.  Id.

IV.  DISCUSSION

Defendants argue that the District Court erred in enforcing the purported high-low provision of the parties' agreement to submit the dispute to binding arbitration because what they contend was the lack of explicit high-low monetary parameters is a fatal omission to its enforcement inasmuch as those terms were "material" to the terms of the high-low agreement.  Defendants argue that at most the high-low portion of the order summarized an agreement to come to an agreement for high-low arbitration parameters at the mediation.  But Kubiak rejects this position and maintains that the Court properly found that the parties reached an agreement to include $1 million/$50,000 high-low parameters to be applicable at the arbitration.

Kubiak did not challenge the arbitrator's finding on liability in the District Court nor does she do so here.  Furthermore, she does not claim that the case should not have been submitted to arbitration.  Accordingly, the only question before us is whether the District Court erred in finding that the parties' agreement to submit the case to arbitration for resolution included a high-low agreement with specific parameters.

The parties concur that their agreement to arbitrate was a settlement agreement. Accordingly, the enforceability of their agreement is dependent on basic contract principles.  See AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 1418 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.")

10

(internal quotation marks omitted). Under Pennsylvania law,[3] "[a]s with any contract," in a settlement agreement "the minds of the parties should meet upon all the terms" of the contract. <u>Mazzella v. Koken</u>, 739 A.2d 531, 536 (Pa. 1999) (internal quotation marks omitted).

Defendants point out that "it is axiomatic that in order for a binding contract to exist, the parties must have reached an agreement on the material terms." Appellants' br. at 25. They characterize the language in the District Court's May 16, 2014 order as "a record of the parties' tentative agreement" to proceed with a high-low provision that nevertheless lacked "the specific terms in order to give it legal effect." <u>Id.</u> at 26. Defendants argue that to be enforceable, the high-low provision must have included the high-low parameters but the purported agreement is not enforceable because it does not reflect that the parties came to a "meeting of the minds" on the parameters of a high-low provision. <u>Id.</u> at 27. Kubiak rejects this contention and maintains that the Court properly determined the scope of the parties' agreement.

The only legal authority that the District Court cited for its conclusion that the parties agreed to be bound by $1 million/$50,000 high-low parameters, regardless of the outcome of the arbitration on liability, was a district court opinion indicating that an agreement to submit to binding high-low arbitration is generally a form of settlement agreement. <u>See</u> app'x at 7 n.2. Here, the Court predicated its enforcement of the purported high-low provision on what it believed was defendants' "waiver" of the

---

[3] The parties have relied on Pennsylvania contract law in this case and thus we will as well. <u>See</u> appellants' reply br. at 12, appellee's br. at 8, 19.

11

argument that there was not an enforceable agreement because defendants did not file any document with the Court indicating that the parties' understanding of the high-low provision had changed after May 16, 2014, when the Court submitted the case to arbitration.  Id. at 6-7.

The District Court reached its result even though its May 16, 2014 order did not include the key material terms of a high-low agreement.  We come to the inescapable conclusion that the parties did not agree on the parameters of a high-low agreement by the time that the Court issued its May 16, 2014 order because the order specified that "the details of the high-low maximum and minimum amounts will be discussed and agreed upon at the June 12, 2014 mediation."  Id. at 29-30.  Therefore, the May 16, 2014 order could not have reflected the parties' "meeting of the minds" on the parameters of a high-low agreement.

It is clear that, contrary to what the District Court thought, defendants did not "waive" their lack of enforceability argument by not filing any follow-up documentation with the District Court after the Court entered its May 16, 2014 order inasmuch as the high-low provision in that order did not include its essential terms and the parties merely had agreed to proceed to binding arbitration.  We cannot enforce a provision missing essential terms and the District Court should not have done so either.  Therefore, the Court should not have attempted to enforce the purported high-low provision in its May 16, 2014 order because there was no agreement to enforce.

Notwithstanding our foregoing analysis there is another aspect of this case. Kubiak claims that the parties reached an agreement at the June 12, 2014 mediation

session for high-low arbitration with $1 million and $50,000 parameters. On the other hand, defendants deny that the parties reached a high-low agreement at that session. We are satisfied that this dispute of fact cannot be resolved on the record that was before the District Court and now is before us. In this regard we point out that we have held in the context of settlement enforcement that "[w]hen relief from a judgment hinges upon a factual issue and credibility determinations are involved, a hearing should be held to determine entitlement to relief." Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991) (quoting Garabedian v. Allstates Eng'g Co., Div. of Allstates Design & Dev. Co., 811 F.2d 802, 803 (3d Cir. 1987) (internal quotation marks omitted)). Accordingly, the District Court should hold an evidentiary hearing to resolve the question of whether the parties reached an enforceable high-low agreement at the mediation session. Therefore, we will remand the case to the District Court to hold that hearing and if it concludes that the parties reached an agreement with respect to the parameters of a high-low agreement at the mediation session to determine the agreed upon parameters of a high-low agreement and, if they agreed on such parameters, whether Kubiak is entitled to the low end recovery even though the arbitrator found that defendants were not liable.

## V. CONCLUSION

For the foregoing reasons, we will reverse the District Court's July 5, 2016 order granting plaintiff's motion to enforce a purported high-low provision in the parties' stipulated agreement to arbitrate and will remand this case to the District Court to conduct an evidentiary hearing for the purposes we set forth above.

13